UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

CARROLL PAGE,                          )
                                       )
        Plaintiff,                     )
                                       )
v.                                     )        CAUSE NO. 3:06-CV-039 CAN
                                       )
SPEEDWAY SUPERAMERICA LLC,             )
                                       )
        Defendant.                     )

**OPINION AND ORDER**

On January 10, 2007, Defendant Speedway Superamerica LLC (Speedway), filed a motion for summary judgment.  On that same day, Carroll Page (Page) filed his response and Speedway filed its reply.  For the following reasons, Speedway's motion for summary judgment is **GRANTED** [Doc. No. 25].

I.    PROCEDURAL HISTORY

On December 15, 2005, Page filed his claim based on negligence.  On January 13, 2006, Speedway filed a notice of removal to this Court.  On February 9, 2006, the case was reassigned to the undersigned based upon the consent of the parties.

On January 10, 2007, Speedway filed a motion for summary judgment.  On that same day, Page filed a response and Speedway filed a reply.  This Court may rule upon this motion pursuant to the parties consent and 28 U.S.C. § 636(c)(1).

II.   ANALYSIS

A.    Facts

Page is a truck driver (Defendant's Ex. 1, Deposition of Carroll Page 14).  On September 28, 2005, while Page was hauling a load of steel down U.S. 20, near the intersection of U.S. 20

and Highway 35, he was passed by a minivan (Id. 15-16).  Both Page and the minivan pulled into

a Speedway gas station parking lot located near LaPorte, Indiana (Id. 18-19, Plaintiff's

Complaint ¶ 1-5).

As Page left his truck to enter the Speedway store, he heard a voice from the minivan

(Page Dep. 21).  The voice was of Calvin George (George) (Id. 27-28).  Page, in response waved

and said, "Thanks for letting me over" (Id.).  Page then entered the store, but not before he

muttered an insult under his breath directed at George (Id.).

Page entered the store and went to get a cup of coffee (Id. 27).  Shortly thereafter, George

came charging through the door, yelling loudly, and approaching Page very quickly (Id.).  Page

yelled to the Speedway clerk to call the police (Id. 35).  Neither Page nor the Speedway clerk

threatened George that the police were going to be called (Id. 36, 148).  George then assaulted

and beat Page (Id. 44).[1]

The Speedway clerk allegedly never called the police until after the altercation, and he

allegedly never said anything to the assailant (Id. 45).[2]  The entire altercation took less than two

minutes (Id. 88).  However, the police arrived within nine minutes from the time they were

dispatched, and the first police officer arrived within eleven minutes after the attack.

(Defendant's Ex. 5, Def.'s 1st Req. for Prod. of Doc.s, Response to Req. No. 9, Bulk Ex. C).

B.    Jurisdiction

---

[1]Apparently, there were two individuals by the last name George that attacked Page.  But Page, in his
deposition, has difficulty telling the two George's apart.  Therefore, this Court recognizes that there may have been
two attackers, but will refer to the main attacker as George throughout this opinion for purposes of clarity.  (Page
Dep. 25-28).

[2]Speedway disputes this fact, but for purposes of summary judgment, this Court will construe the facts in
Page's favor and assume the clerk never called the police prior to or during the attack.

This Court ordered the parties to submit supplemental briefing regarding the existence of subject matter jurisdiction.[3]  Pursuant to 28 U.S.C. § 1332, this Court has original jurisdiction of all civil actions in which the matter in controversy exceeds the sum or value of $75,000 and it is between citizens of different states.  An LLC's citizenship, like Speedway in this case, is a citizen of each of its members.  See Camico v. Citizen's Bank, 474 F.3d 989, 992 (7th Cir. 2007).  Page is a citizen of Indiana.  Speedway is incorporated in Delaware with its principal place of business in Ohio.  Speedway is a wholly-owned subsidiary of Marathon Ashland Petroleum LLC (Marathon), which is also a Delaware corporation with its principal place of business in Ohio.  Marathon has two members, Marathon Oil Company, an Ohio corporation with its principal place of business in Texas, and Ashland, Inc., a Kentucky corporation with its principal place of business in Kentucky.  As a result, all parties are citizens of different states.

Finally, the parties agree that the value of the case is in excess of $75,000.[4]  Therefore, it appears that diversity jurisdiction exists for proper subject matter jurisdiction.

C.    Standard of Review

Summary judgment is proper where the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c); Lawson v. CSX Transp., Inc., 245 F.3d 916, 922 (7th Cir. 2001).  In

---

[3]This Court allowed Page to file a response within five days of Speedway's supplemental brief on jurisdiction.  On April 9, 2007, Speedway filed its brief, which means Page's brief on subject matter jurisdiction was to be filed on or before April 14, 2007.  As of this date, Page has filed nothing.  This Court can only assume that Page has no objections or supplemental arguments regarding subject matter jurisdiction.

[4]This Court held an in-court hearing on April 9, 2007, in which both parties agreed the amount in controversy based on Page's damages exceeded $75,000.

determining whether a genuine issue of material fact exists, this Court must construe all facts in the light most favorable to the nonmoving party as well to draw all reasonable and justifiable inferences in favor of that party.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986); King v. Preferred Technical Group, 166 F.3d 887, 890 (7th Cir. 1999).  To overcome a motion for summary judgment, the non-moving party cannot rest on the mere allegations or denials contained in its pleadings.  Rather, the non-moving party must present sufficient evidence to show the existence of each element of its case on which it will bear the burden at trial.  Celotex v. Catrett, 477 U.S. 317, 322-23 (1986);  Robin v. Espo Eng'g Corp., 200 F.3d 1081, 1088 (7th Cir. 2000).  Where a factual record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial.  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (citing Bank of Ariz. v. Cities Services Co., 391 U.S. 253, 289 (1968)).

D.      Speedway's Motion for Summary Judgment

It is basic tort law that in a negligence case a plaintiff must establish four elements: 1) that the defendant owed the plaintiff a duty, 2) that the defendant breached its duty, 3) that the plaintiff suffered damages and 4) that the defendant's breach of its duty caused the plaintiff's damages.  Morgan v. Tackitt Ins. Agency, Inc., 852 N.E.2d 994, 998 (Ind. Ct. App. 2006); Musser v. Gen. Health Serv.s, 356 F.3d 751, 760 (7th Cir. 2004) (citing Whyde v. Czarkowski, 659 N.E.2d 625, 627 (Ind. Ct. App. 1995)).

In Indiana a landlord has a duty to take reasonable precautions to protect invitees from foreseeable criminal acts.  See Paragon Family Restaurant v. Bartolini, 799 N.E.2d 1048, 1052 (Ind. 2003).  "Proprietors owe a duty to their business invitees to use reasonable care to protect

4

them from injury caused by other patrons and guests on their premise, including providing adequate staff to police and control disorderly conduct." Muex v. Hindel Bowling Lanes, Inc., 596 N.E.2d 263, 266 (Ind. Ct. App. 1992). This duty, though, only extends to conduct of third persons, under the facts of a particular case, that is reasonably foreseeable. Paragon Family Restaruant, 799 N.E.2d at 1052. Speedway does not contest the existence of this duty. Instead, Speedway only argues that the actions of its employee were not a proximate cause of Page's injuries.

Generally, causation is a question of fact for the jury. Winchell v. Guy, 857 N.E.2d 1024, 1030 (Ind. Ct. App. 2006). However, it can be a question of law where the facts are undisputed and only a single inference can be drawn from those facts. City of Indianapolis Hous. Auth. v. Pippin, 726 N.E.2d 341, 347 (Ind. Ct. App. 2000). Proximate cause in Indiana has two aspects, causation in fact and the scope of liability. City of Gary ex. rel. King v. Smith & Wesson Corp., 801 N.E.2d 1222, 1243 (Ind. 2003). If the injury would not have occurred but for the defendant's act or omission, there is causation in fact. Id.; Paragon Family Restaurant, 799 N.E.2d at 1054. The second inquiry deals with whether the injury is a natural and probable consequence that under the circumstances should have been foreseen or anticipated. City of Gary ex. rel. King, 801 N.E.2d at 1244; Paragon Family Restaurant, 799 N.E.2d at 1054. Foreseeability in the context of proximate cause involves evaluating the particular circumstances of an incident after the incident occurs. City of Indianapolis, 726 N.E.2d at 347.

Speedway, as the party seeking summary judgment bears the initial responsibility of informing this Court of the basis for its motion and identifying the portions of the pleadings and evidence that it believes demonstrates the absences of a genuine issue of fact. Celotex, 477 U.S.

at 323.   Speedway contends that there was no action or failure to act by its employee that

constitutes a proximate cause in fact.   Speedway argues that if Page's negligence claim is that

the clerk should have called the police sooner, then the only reasonable inference is that

Speedway was not a proximate cause in fact of Page's injuries.   This Court agrees with

Speedway.   The uncontroverted evidence establishes that it took the police at least nine minutes

to reach the gas station upon being dispatched, but Page was assaulted by George within 3

minutes of entering the store.   Even if the clerk would have phoned the police the moment Page

walked in the door, the police would not have arrived in time to stop the assault on Page.

However, Page argues that the Speedway clerk had another omitted act that was the

proximate cause of Page's injuries.   Page contends that Speedway's negligence was the clerk's

failure to warn George that the police would be called or the clerk's failure to demand that

George stop the assault.   Page argues that if the clerk would have threatened George or even told

him to stop his behavior, Page would not have been assaulted.   In summary, Page contends the

Speedway clerk's failure to act in this way was a proximate cause in fact of his injuries.

Unlike the Indiana standard for summary judgment, in federal practice summary

judgment must be granted when the non-movant has failed to establish an essential element of

his claim.   See Celotex, 477 U.S. at 322-23; see generally Dennis v. Greyhound Lines, Inc., 831

N.E.2d 171, 173 (Ind. Ct. App. 2005).   At trial Page will have the burden of establishing

proximate cause, and therefore, Page must make a sufficient showing on the essential element of

proximate cause to prevent judgment as a matter of law.   Celotex, 477 U.S. at 323.   Page is

required to present evidence creating a reasonable inference, not merely a possibility.   See

Jenkins v. Heintz, 124 F.3d 824, 831 (7th Cir. 1997).   Page's allegation that George would have

been deterred if the clerk would have threatened him is merely speculation, and under the Fed. R. Civ. P. 56 standard for summary judgment, it is not sufficient to survive summary judgment. E.g., Moser v. Ind. Dept. Of Corrections, 406 F.3d 895, 905 (7th Cir. 2005) (indicating speculation or metaphysical doubt is insufficient to survive summary judgment); Robin, 200 F.3d at 1088 ("The party must supply evidence sufficient to allow a jury to render a verdict in his favor."). Page offers no evidence to support his hypothetical claim that if the Speedway clerk would have verbally intervened, George would not have attacked. For example, Page does not offer any deposition testimony or affidavit by George to support his subjective claim. Page simply offers nothing other than his subjective belief that George possibly might not have attacked if he was warned by the Speedway clerk. Page's theory, however theoretically possible, is merely a speculative theory that does not constitute a reasonable inference to survive summary judgment. See Avery v. Mapco Gas Products, Inc., 18 F.3d 448, 453-54 (7th Cir. 1994).

In summary, while Indiana recognizes a general duty on the part of a landlord to invitees, Speedway successfully argues that Page has failed to establish that Speedway was a proximate cause of his injuries. Page offers nothing more than speculation to establish that Speedway was a proximate cause, which is insufficient to survive summary judgment.

## III.   CONCLUSION

Because Page has failed to establish that Speedway was a proximate cause of his injuries, summary judgment is appropriate. Speedway's motion is **GRANTED** [Doc. No. 25].

**SO ORDERED.**

Dated this 16th Day of April, 2007.

S/Christopher A. Nuechterlein
Christopher A. Nuechterlein
United States Magistrate Judge

7